1    WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-17-08276-001-PCT-SPL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Troy Luke Sellers, | |
| Defendant. | |

The defendant, Troy Luke Sellers, has filed a Motion to Reopen Detention. (Doc. 18.)  The government has filed a response opposing the motion to reopen the detention hearing (Doc. 19), and the defendant has filed a reply.  (Doc. 22.)  As set forth below, the Court denies the motion to reopen the detention hearing.

**I.    Procedural Background**

On December 22, 2017, the defendant appeared before the Court, with appointed counsel, for a detention hearing.  (Doc. 12.)  Before the detention hearing, Pretrial Services submitted a bail report and an addendum to that report.  (Docs. 8, 11.)  After hearing argument from counsel, the Court ordered the defendant detained as a flight risk and a danger to the community.  (Doc. 13.)

**II.    Analysis**

The defendant moves to reopen the detention hearing under 18 U.S.C. § 3142(f), which provides that a detention hearing may be reopened if a judicial officer finds, at any time before trial, "that information exists that was not known to the movant at the time of

1  the hearing and that has a material bearing on the issue whether there are conditions of

2  release that will reasonably assure the appearance of such person as required and the

3  safety of any other person and the community." (Doc. 18 at 1 (quoting 18 U.S.C.

4  § 3142(f)).)

5  To establish "changed circumstances," the defendant asserts that (1) his brother

6  Josh McGinnis has been hospitalized and is in critical condition and defendant would like

7  to visit his brother and be available to care for him, (2) his brother, Noah Sellers, is

8  willing to serve as a third-party custodian and has an appropriate residence at which the

9  defendant could reside, and (3) that he has problems with his hip that require surgery and

10  that he is not receiving medical treatment while detained, other than Tylenol. (Doc. 18 at

11  2.) In his reply, the defendant also asserts that the alleged victim, R.S., has recanted her

12  statements and states that she lied about the incident leading to the charges against the

13  defendant and, therefore, the government has offered a misdemeanor plea agreement to

14  the defendant. (Doc. 22 at 2.)

15  In response, the government argues that the Court should not reopen the detention

16  hearing because the defendant has not established changed circumstances with a material

17  bearing on whether there are conditions of release that could address the risks of flight

18  and danger. (Doc. 19.) The government also submitted, under seal, an exhibit with the

19  criminal history of the defendants' brother, Noah Sellers, and argues that he is not an

20  appropriate third-party custodian. (*Id*. at 5, Ex. A.)

21  As the defendant acknowledges, § 3142(f) requires that a party moving to reopen a

22  detention hearing must demonstrate that "information exists that was not known to the

23  movant at the time of the hearing." *See* 18 U.S.C. § 3142(f). These statutory

24  requirements for reopening detention hearings, which require the presentation of readily

25  available evidence at the first opportunity, promote judicial efficiency and avoid

26  piecemeal presentation of the issues. *See United States v. Smith,* 2012 WL 3776868, at

27  *4 (D. Ariz. Aug. 31, 2012). In this case, the defendant asserts four bases for the Court to

28  find "changed circumstances." However, the Court finds that the defendant has not

presented information that was not known to him at the time of the detention hearing and, therefore, has not presented a basis for the Court to reopen the hearing.

First, the defendant asserts that his brother is hospitalized and that he would like to visit his brother and be available to assist with his care. However, in his reply, the defendant states that his brother has passed away. Therefore, even if the Court were to conclude that his brother's hospitalization and the defendant's desire to assist in his brother's care presented changed circumstances, those circumstance are moot.

Second, the defendant asserts that his brother Noah Sellers is available to act as a third-party custodian. However, the defendant does not explain how this information was not available at the time of the detention hearing. Instead, the defendant reported to Pretrial Services that he worked for his brother Noah Sellers and that his brother was aware of his arrest in this matter. (Doc. 8 at 2.) Thus, it appears that the defendant could have offered his brother to serve as a third-party custodian at the detention hearing. The defendant, however, did not ask the Court to release him with his brother acting as a third-party custodian. The motion to reopen does not provide any new information about the possibility of his brother serving as a third-party custodian that was not known to the defendant at the time of the detention hearing. Therefore, the defendant's suggestion that his brother could serve as a third-party custodian is not new information that would support reopening the detention hearing.[1]

Third, the defendant asserts that he has problems with his hip and requires surgery. However, this information was included in the Pretrial Services bail report. (Doc. 8 at 3 (the defendant reported to Pretrial Services that he broke his hip in May 2017 and needs a hip replacement, but does not take any medication).) Therefore, the defendant's statement that he needs surgery does not present new information that supports reopening the detention hearing.

---

[1] Furthermore, even if the Court were to find that the defendant's argument that his brother could serve as a third-party custodian presented new information that would support reopening the detention hearing, it is very unlikely, based on the information in Exhibit A to the government's response, that the Court would find that Noah Sellers would be an appropriate third-party custodian.

Finally, the defendant asserts in his reply that the alleged victim, R.S., has recanted and that, as a result, the government is offering the defendant a misdemeanor plea. The court has reviewed the recording of the detention hearing and confirmed that at that hearing both the government and defense counsel stated that the alleged victim had recanted and was stating that she lied about the incident that resulted in the charges against the defendant. The defendant argued for release, in part, based on the alleged victim's statements recanting the allegations. Therefore, this information was presented at the detention hearing and is not new information that would support reopening the detention hearing.

## III.    Conclusion

The Court finds that the defendant has not presented new information that was not available at the time of the detention hearing and, therefore, has not provided a basis to reopen the detention hearing under 18 U.S.C. § 3142(f).

Accordingly,

**IT IS ORDERED** that the defendant's Motion to Reopen Detention (Doc. 18) is **DENIED**.

Dated this 13th day of March, 2018.


Bridget S. Bade
United States Magistrate Judge

- 4 -